1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| BRUCE ALLEN,<br><br>                                        Petitioner,<br><br>                   v.<br><br>MATTHEW CATE, Secretary of the California<br>Department of Corrections and Rehabilitation,<br><br>                                        Respondent. | Civil No.    08cv1123 L (CAB)<br><br>**REPORT AND RECOMMENDATION<br>REGARDING RESPONDENT'S MOTION<br>TO DISMISS**<br>**[Doc. No. 4.]** |

17

## I.  INTRODUCTION

18
19
20
21
22

Bruce Allen, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  On August 11, 2008, Respondent moved to dismiss the Petition as untimely.  Petitioner submitted an Opposition on September 15, 2008.  Respondent filed a Reply on September 19, 2008.  Having considered the papers and the relevant legal authority, this Court recommends the motion be **GRANTED** and the Petition be **DISMISSED WITH PREJUDICE**.

23

## II.  BACKGROUND

24
25
26
27
28

Petitioner is serving a sentence of life without possibility of parole following his February 22, 1983 conviction of two counts of first degree murder with use of a firearm and one count of attempted murder with great bodily injury.  (Petition at 1-2.)  At the time of his conviction, Cal. Code Regs. tit. 15, § 2817 ("§ 2817"), provided that certain prisoners serving life without the possibility of parole would receive a review hearing within twelve years of their prison reception to determine whether they were

1    suitable for sentence commutation.  The statute was subsequently repealed, effective January 19, 1994.

2    Petitioner now challenges the 1994 retroactive repeal of § 2817, arguing it was unconstitutional as an *ex*

3    *post facto* law, as applied to him.

4                                        **III.  DISCUSSION**

5           Respondent argues the Petition should be dismissed because it is barred by the applicable statute

6    of limitations under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254

7    ("AEDPA").  Petitions for writ of habeas corpus, such as the instant petition, that were filed after April

8    24, 1996, are governed by AEDPA.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  Pursuant to 28 U.S.C.

9    § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed

10   "by a person in custody pursuant to the judgment of a State court."

11          Petitioner argues at length that his petition is not governed by AEDPA's statute of limitations

12   because he is not challenging his underlying conviction itself, nor a specific decision of the Board of

13   Parole Hearings ("Board").  (Opposition at 4-11.)  However, the relevant inquiry is not the target of

14   Petitioner's challenge, but rather the source Petitioner's custody.  *Shelby v. Bartlett*, 391 F.3d 1061, 1063

15   (9th Cir. 2004); *White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004).  "The § 2244(d)(1) limitations

16   period is not limited to petitions challenging the judgment of a state court.  It applies to *all* petitions filed

17   by a 'person in custody pursuant to the judgment of a State [sic] court.' "  *Shelby*, 391 F.3d at 1065

18   (emphasis added).  Petitioner is in custody pursuant to a state court judgment within the meaning of §

19   2244(d)(1), and thus the instant Petition is governed by AEDPA and its statute of limitations.

20          **A.      Statute of Limitations**

21          Respondent argues the limitations period should run from no later than February of 1995, the

22   latest date upon which Petitioner could have reasonably discovered the factual predicate of his claim.

23   Petitioner contends the limitations period should not start until May 1, 2004, the date on which an

24   alleged state-imposed impediment to filing an application for relief was removed.  Pursuant to 28 U.S.C.

25   § 2244(d)(1), the limitations period runs from the latest of:

26                  (A) the date on which the judgment became final by the conclusion of
                    direct review or the expiration of the time for seeking such review;

27
                    (B) the date on which the impediment to filing an application created by
28                  State action in violation of the Constitution or laws of the United States is
                    removed, if the applicant was prevented from filing by such State action;

08cv1123

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, as stated above, § 2817 was repealed on January 19, 1994. Based on the date of his conviction, had the statute not been repealed, Petitioner would have been given a hearing on or around February 22, 1995. Thus, assuming *arguendo* Petitioner was not aware the statute had been repealed on January 19, 1994, the latest possible date on which the factual predicate of his claim could have been discovered through the exercise of due diligence was February 22, 1995. Accordingly, based on the date the factual predicate of his claim could have reasonably been discovered, Petitioner's deadline for seeking habeas relief was April 24, 1997, the date by which claims arising before the enactment of the AEDPA were to have been filed. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner argues the statute of limitations should not have started to run until May 1, 2004, because prior to that date there was a state-imposed impediment to seeking relief. (Opposition at 12.) Petitioner contends that prior to May 1, 2004, the Board "did not allow administrative appeals of the refusal to schedule a hearing because such refusal did not constitute an 'action' or 'decision' of the [Board]." (*Id*.) As a result, Petitioner claims he was unable to exhaust his administrative remedies and raise his claim in the state courts. (*Id*.)

Petitioner cites to *In re Muszalski*, 52 Cal. App. 3d 500, 503 (Cal. 1975), which states "[i]t is well settled as a general proposition that a litigant will not be afforded relief in the courts unless and until he has exhausted available administrative remedies." In *Muszalski*, a prisoner filed a state habeas petition seeking to require the Department of Corrections to permit him and his attorney to inspect documents in his prison file maintained by the Department. The California Supreme Court concluded that, based on the facts of the case, the petition should be denied because the "Department has provided inmates with viable, efficacious administrative remedies which must be exhausted by an inmate before resorting to a petition for habeas corpus in the courts." *Muszalski*, 52 Cal. App. 3d at 508. Here,

///

08cv1123

1    however, there was no exhaustion requirement precluding Petitioner from pursuing his claim in state

2    court because there were no such available administrative remedies for Petitioner to exhaust.

3         The role of the Board of Parole Hearings is to assess a prisoner's eligibility for parole.  Petitioner

4    was sentenced to life without possibility of parole.  As a result, there was no way the Board could

5    respond to Petitioner's requests for a commutation hearing other than to refuse to schedule a hearing

6    because the Board had no authority to grant or deny clemency, nor, following the repeal of § 2817 in

7    1994, could the Board even recommend a prisoner serving life without possibility of parole to the

8    Governor as a candidate for clemency.  Petitioner's exclusive remedy for relief was to petition the

9    Governor directly for clemency, pursuant to article V, section 8 of the Constitution of the State of

10   California.  Accordingly, California's exhaustion doctrine did not apply to Petitioner because there were

11   no "available administrative remedies" for Petitioner to exhaust prior to filing a state habeas petition.

12   *See Endler v. Schutzbank*, 68 Cal. 2d 162, 168 (Cal. 1968) (stating the doctrine of exhaustion of

13   administrative remedies does not apply when the administrative agency cannot grant an adequate

14   remedy); *County of Los Angeles v. Dept. of Social Welfare*, 41 Cal. 2d 455, 457 (Cal. 1953) (exhaustion

15   of administrative remedies not necessary when the subject matter of the controversy lies outside the

16   administrative agency's jurisdiction); *Gantner & Mattern Co. V. California E. Com.*, 17 Cal. 2d 314,

17   318 (Cal. 1941) (exhaustion of administrative remedies not necessary when the aggrieved party can

18   positively state how the administrative agency would decide his particular case).  Importantly, Petitioner

19   does not allege he actually tried to proceed with his claim regarding the repeal of § 2817 directly to the

20   state courts and had his claim dismissed by the state courts due to a failure to exhaust available

21   administrative remedies.

22        Finally, regardless of whether Board's refusal to grant him a commutation hearing acted as a

23   practical bar to his filing for state post-conviction relief, the Board's actions did not prevent him from

24   filing for habeas relief under federal law.  *See* 28 U.S.C. § 2254(b)(1)(B) (allowing a petitioner to seek

25   federal relief, notwithstanding a failure to exhaust state law remedies, if there was "an absence of

26   available State corrective process" or "circumstances exist that render such process ineffective to protect

27   the rights of the applicant").  In sum, because there was no state-imposed impediment to seeking relief,

28   the statute of limitations on Petitioner's claim began to run on the date on which the factual predicate of

4

1  Petitioner's claim could have been discovered through the exercise of due diligence.  As stated above,

2  based on that date, his deadline for seeking federal habeas relief was April 24, 1997.

3       Petitioner, however, did not deliver the instant Petition for mailing until June 24, 2008, more

4  than *eleven years* after the expiration of the § 2244(d) one-year statute of limitations.  *See Saffold v.*

5  *Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001) (stating a *pro se* prisoner's federal habeas petition is

6  deemed filed when prisoner delivers to prison authorities for mailing), *vacated and remanded on other*

7  *grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002).  As a result, the Petition is time-barred.  The time bar

8  precludes this Court's review of the merits of the habeas corpus petition, unless the statute of limitations

9  is subject to statutory or equitable tolling.  As discussed below, the Petition does not qualify for either

10  form of tolling.

11       **B.**    **Statutory Tolling**

12       The one-year limitations period is tolled for the "time during which a properly filed application

13  for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

14  pending." 22 U.S.C. § 2244(d)(2).  However, the filing of a state habeas petition after the expiration of

15  AEDPA's one-year period does not revive the limitations period. *See Ferguson v. Palmateer*, 321 F.3d

16  820, 823 (9th Cir. 2003); *see also Rashid v. Kuhlman*, 991 F.Supp. 254, 259 (S.D. N.Y. 1998) (stating

17  "[o]nce the limitations period is expired, collateral petitions can no longer serve to avoid the statute of

18  limitations").

19       Here, Petitioner's first state habeas petition was filed on June 18, 2007.  Thus, by the time

20  Petitioner's first state petition was filed, the limitations period had already ended more than ten years

21  earlier.  Petitioner does not provide any information or documents to indicate that any other collateral

22  review was sought.  Thus, the limitations period is not entitled to statutory tolling.

23       **C.**    **Equitable Tolling**

24       Equitable tolling of the AEDPA statute is only appropriate when there are "'extraordinary

25  circumstances' beyond the prisoner's control that made it impossible to file a petition on time." *Frye v.*

26  *Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (citations omitted).  "External forces," not a petitioner's

27  "lack of diligence" must account for his failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104,

28  1107 (9th Cir. 1999) (applying equitable tolling where prison officials delayed mailing petition and

08cv1123

filing fee); *see also Lott v. Mueller*, 304 F.3d 918, 922-26 (9th Cir. 2002) (holding that a prisoner was entitled to equitable tolling if he was denied access to his legal files for 82 days, and remanding for a factual determination of whether petitioner's allegation to that effect was true). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted). The burden is on the petitioner to demonstrate equitable tolling is appropriate. *Id.*

In the Petition itself, Petitioner merely claimed he was unable to seek timely relief between February 22, 1995 and February 22, 2007, due to "vagaries within the prison system." (Memorandum of Points and Authorities in Support of Petition at 8.) This explanation is insufficient to carry Petitioner's burden of demonstrating "extraordinary circumstances" sufficient to warrant equitable tolling. Petitioner subsequently argued in his Opposition that he is entitled to equitable tolling for the period between 1995 and the early part of 2007, because the prison law libraries only carried current copies of the California Code of Regulations, and did not contain copies of the repealed § 2817.[1]

"[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (internal quotations omitted). In *Whalem/Hunt v. Early*, 233 F.3d 1146, 1147-48 (9th Cir. 2000) (*en banc*), the Ninth Circuit, without explanation, held the district court was wrong in finding there were no circumstances under which a petitioner could show he was entitled to equitable tolling based on the failure of the law library to stock legal materials containing AEDPA. The concurrence clarified that the court was making a distinction between a petitioner's knowledge of the legal basis of his claims, which does not provide a basis for tolling or an impediment to filing, and a petitioner's knowledge of the procedural rules that must be complied with in order to get a hearing on the merits, which may provide a basis for tolling or an impediment to filing. *Id*. at 1148-49.

_____

[1] Petitioner also argued he is entitled to equitable tolling between 2004 and 2005 because the prison law library where he was housed did not have any notice posted regarding the change in policy for Board of Parole appeals. However, Petitioner's limitations period expired on April 24, 1997, and this alleged lack of notice would not have had any impact on Petitioner's failure to seek federal habeas relief prior to 2004.

08cv1123

1      Here, Petitioner does not claim a copy of AEDPA was unavailable or that he was otherwise

2    prevented from knowing the applicable statute of limitations.  Thus, Petitioner's case is readily

3    distinguishable from that of the petitioner in *Whalem/Hunt*.  Petitioner has provided no authority, and

4    this Court is aware of none, which indicates the lack of repealed statutes in a prison law library, even in

5    regards to a prisoner's particular case, is sufficient to warrant equitable tolling at all, let alone for the

6    more than ten years it would require to render the petition timely.[2]

7      In any event, the lack of a copy of the repealed § 2817 would not have prevented Petitioner from

8    filing a timely federal petition because Petitioner was aware of the essential elements of his claim.

9    Petitioner admits he knew he previously had a right to a commutation review.  (Opposition at 14.)

10   Indeed, Petitioner stated in his declaration that at some point prior to acquiring a copy of the repealed

11   statute, he attempted to exhaust his administrative remedies "with regard to my claim that the refusal to

12   schedule my review violated my rights."  (Decl. of B. Allen at ¶ 3.)  Thus, Petitioner has failed to

13   establish a causal link between the allegedly inadequate law library and his inability to file a timely

14   federal petition because it was not necessary for Petitioner to know the exact language of the statute in

15   order to diligently attempt to seek relief.  Accordingly, because Petitioner has failed to carry his burden

16   of demonstrating both extraordinary circumstances and that he pursued his rights diligently, equitable

17   tolling of the limitations period is not appropriate in this case.

18                                    **IV.  CONCLUSION**

19      Having reviewed the matter, the undersigned Magistrate Judge recommends Respondent's

20   motion be **GRANTED** and the Petition be **DISMISSED WITH PREJUDICE** for violating the

21   limitations period of 28 U.S.C. § 2244(d).  This report and recommendation of the undersigned

22   Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28

23   U.S.C. § 636(b)(1).

24   ——————————

25      [2] The cases cited by Petitioner to support his argument for equitable tolling involved the denial of
     access to a prisoner's personal legal files, rather than legal materials in general.  Additionally, the cases

26   involved equitable tolling of the statute of limitations for a period of days or months, not years.  *See Lott*,
     304 F.3d at 924-25 (equitable tolling appropriate for 82 days when a prisoner's personal legal files were

27   placed in storage during two temporary transfers); *Espinoza-Matthews v. California*, 432 F.3d 1021,
     1027 (9th Cir. 2005) (equitable tolling appropriate for 11 months when a prisoner was denied access to

28   his legal materials, despite his diligence, while housed in administrative segregation, and he
     subsequently only had one month with his legal file to try and prepare a proper petition).

1   **IT IS ORDERED** that no later than **October 24, 2008**, any party to this action may file written

2   objections with the Court and serve a copy on all parties.  The document should be captioned

3   "Objections to Report and Recommendation."

4   **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and

5   served on all parties within **10 days** of being served with the objections.

6   **IT IS SO ORDERED**.

7

8   DATED:  September 23, 2008

9

10  _____
    **CATHY ANN BENCIVENGO**
11  United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8