UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE ALLEN, <br><br> Petitioner, <br><br> v. <br><br> MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation, <br><br> Respondent. | Civil No. 08cv1123-L(CAB) <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED, OVERRULING OBJECTIONS AND DISMISSING PETITION AS UNTIMELY** |

Petitioner Bruce Allen, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). In 1983, after his conviction on two counts of first degree murder and one count of attempted murder, Petitioner was sentenced to life without the possibility of parole. He claims his constitutional rights were violated when a California state regulation providing for a commutation review hearing, 15 Cal. Code Regs. § 2817, was repealed. He claims that the repeal as applied to his case constituted an *ex post facto* law. The case was referred to United States Magistrate Judge Cathy Ann Bencivengo for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(d).

Respondent filed a motion to dismiss the Petition as time-barred under 28 U.S.C. § 2244(d). Petitioner opposed the motion. The Magistrate Judge issued a Report and Recommendation recommending the Petition be denied. Petitioner timely filed objections. Respondent did not file a response.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made,"

and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under this statute, "the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise*." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review). Petitioner objects to the Report and Recommendation in all respects.

Petitioner objects to the conclusion that 28 U.S.C. § 2244(d)(1) sets forth the applicable statute of limitations because he is not challenging his conviction in State court or a specific Board decision. The statute applies to all petitions filed by a person in custody pursuant to the judgment of a State court, 28 U.S.C. § 2244(d)(1), *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (applicable to administrative decisions), after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001); *see also Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir. 2001). Accordingly, the objection is overruled.

"In furtherance of Congress's desire to accelerate the federal habeas process, AEDPA imposed a one-year statute of limitations on the filing of a federal habeas corpus petition by a state prisoner." *Nino v. Galaza*, 183 F.3d 1003, 1004-05 (9th Cir. 1999) (internal quotation marks and citation omitted); 28 U.S.C. § 2244(d)(1). For prisoners whose convictions became final before AEDPA's enactment, the statute expired on April 24, 1997. *Patterson*, 251 F.3d 1243.

As pertinent here, under section 2244(d)(1), the statute runs

. . . from the latest of –
. . .
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
. . .
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time line of pertinent facts is as follows:

In 1983 Petitioner received a State court sentence of life imprisonment without the possibility of parole ("LWOP"). At that time, California regulations required the Board of Prison Terms ("Board") to consider any LWOP prisoner with no more than one felony conviction for referral to the Governor for commutation of sentence or pardon. 15 Cal. Code Regs. § 2817 (repealed 1993). The law required the Board to consider such applications twelve years after the prisoner was received and every three years thereafter. *Id.* Petitioner claims he was first eligible for consideration on February 22, 1995. However, effective January 19, 1994 the law was repealed, and he did not receive a commutation review hearing.

Petitioner asserts that the Board never provided him with actual notice of its refusal to hear his case. Until 2004, the Board did not allow administrative appeals of refusals to schedule a hearing. (Decl. of Bruce Allen, filed Sept. 15, 2008 ("Decl."), at 1.) All of Petitioner's attempts to appeal the Board's refusal to schedule a commutation review hearing were rejected and returned without a response. He claims that the only notice he received was when his Correctional Counselor refused to prepare his case for Board review. (Pet'r Opp'n to Mot. to Dismiss, filed Sept. 15, 2008 ("Opp'n") at 8.)

On May 11, 2004 the California Department of Corrections issued a memorandum stating that effective May 1, 2004, the Board would no longer process inmate appeals of discretionary Board decisions, and that such appeals would have to be filed directly with the courts. (Decl. at 1 & Pet. Ex. G.) The memorandum directed all institutions to post notices "so as to be readily available to inmates." (Pet. Ex. G.) The prison staff at Corcoran, where Petitioner was incarcerated, did not post the notice at the prison library or Petitioner's housing unit. (Decl. at 1.) He was unaware of the change in the appeals procedure until he was transferred to Calipatria State Prison in December 2005, where the notice was properly posted. (*Id.*)

Nevertheless, Petitioner was apparently aware of his claimed right to a commutation review hearing in 1995 and the fact that the regulation granting him the right to the hearing had been repealed. (*See* Opp'n at 14 and discussion below.) However, he did not file a petition. Instead, "on numerous occasions over the course of several years" he attempted to obtain a copy

of the repealed section 2817 at the Corcoran State Prison and Calipatria State Prison libraries, but was informed that they did not keep repealed codes. (Decl. at 2.) He asserts he was not able to obtain a copy of the repealed section until early 2007.[1] (*Id.*)

On June 18, 2007, twelve years after Petitioner was allegedly entitled to a commutation review hearing, he filed a habeas petition with the Imperial County Superior Court, which was denied on August 20, 2007. On September 10, 2007 he filed a habeas petition with the California Court of Appeal, which was denied on September 20, 2007. On November 26, 2007 he filed a habeas petition with the California Supreme Court, which was denied on May 14, 2008. On June 24, 2008 he filed the instant Petition.

Petitioner argues the statute of limitations has not yet started to run because the Board could reverse its policy of applying section 2817's repeal retroactively. (Opp'n at 8.) This argument is contrary to section 2244(d)(1), which provides when the statute begins to run.

Section 2244(d)(1) uses an objective standard. *Hasan*, 254 F.3d at 1154 n.3, citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). The statute begins to run "when the prisoner knows (or though diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Id.*

Section 2244(d)(1)(D) triggers the statute when "the factual predicate of the claim or claims presented could have been discovered though the exercise of due diligence." It applies to habeas petitions which, like Petitioner's, "challenge administrative bodies such as parole and disciplinary boards." *Redd v. McGrath*, 343 F.3d 1077, 1081-83 (9th Cir. 2003); *Shelby*, 391 F.3d at 1066.

Respondent argued that Petitioner discovered the factual predicate of his claim no later than February 22, 1995. (Mot. to Dismiss at 3.) Neither in his extensive and detailed opposition (*see* Opp'n at 5-16; Decl. at 1-2) nor in his objections to the Report and Recommendation, does Petitioner deny this. To the contrary, he started looking for the repealed version of section 2817 as early as 1995:

---

[1] As discussed below, this assertion is negated by the record.

> [T]he law libraries at all the prisons that petitioner has been housed [*sic*] since 1995 have not had available copies of California Code of Regulations which included the repealed language of § 2817. . . . Petitioner was aware only of the fact that he had a right to a commutation review, but did not have access to the language of the law . . ..

(Opp'n at 14.) Based on Petitioner's own statement, he was aware as early as 1995 of his claimed right to a hearing and that the regulation granting him the right had been repealed. Accordingly, Petitioner discovered, or with the exercise of due diligence could have discovered, the factual predicate of his claim in 1995. Under section 2244(d)(1)(D), the statute of limitations started to run in 1995.

However, because the statute begins to run on the latest of the four triggering events listed in section 2244(d)(1), the court also considers Petitioner's argument that a State-created impediment prevented him from sooner filing his petition. He argues that the Board's pre-2004 policy to reject without response appeals of the Board's refusal to schedule a hearing prevented him from exhausting his administrative remedies and raising his claim in State or Federal courts. (Opp'n at 12; Decl. at 1.) He contends that the Board's failure to process his appeals constituted a State-imposed impediment under 28 U.S.C. § 2244(d)(1)(B), which continued until 2004, when the Board's policy changed. (*See* Opp'n at 2.)

The claimed impediment must have prevented the applicant from filing his petition. 28 U.S.C. § 2244(d)(1)(B); *Bryant v. Schriro*, 499 F.3d 1056, 1060 (9th Cir. 2007) ("the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition"). According to Petitioner, the reason he did not file his Petition sooner was lack of access to the "actual language" of the repealed section 2817, which he allegedly obtained in 2007 – more than a year after he had learned of the change in the Board's policy in December 2005. (*See* Opp'n at 14 ("petitioner attempted to research the language of § 2817 in order to prepare his claims").) Therefore it was not the Board's appeals processing policy that delayed Petitioner's filing.

Moreover, for purposes of Federal habeas relief, exhaustion is not required when "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Pursuant to this

provision, assuming Petitioner were correct that he could not have raised his claim in a State habeas petition,[2] he could have filed a habeas corpus petition directly in Federal court. The Board's procedure therefore did not prevent Petitioner from timely filing his Petition.

Last, under section 2244(d)(1)(B) the claimed impediment must be "created by State action in violation of the Constitution or laws of the United States." Petitioner does not maintain that the Board's policy regarding appeals processing prior to 2004 violated the Constitution or laws of the United States.

For the foregoing reasons, Petitioner's impediment argument under section 2244(d)(1)(B) is rejected. Under section 2244(d)(1)(D), Petitioner discovered, or through the exercise of due diligence could have discovered, the factual predicate of his claim in 1995. The statute of limitations therefore started to run in 1995. Because this was before the enactment of AEDPA, in the absence of any tolling, the statute expired on April 24, 1997. *See Hasan*, 254 F.3d at 1153 ("For prisoners . . . whose convictions became final before AEDPA was enacted, . . . unless a subsection of Section 2244(d) calls for a later initiation of the limitations period, the clock began to run on the statute's April 24, 1996 effective date and expired on April [24], 1997"); *see also Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005), *modified on other grounds by* 447 F.3d 1165 (9th Cir. 2006); *Bryant*, 499 F.3d at 1059; *Patterson*, 251 F.3d at 1243.

Once the statute of limitations begins to run, statutory and equitable tolling may suspend it for specific periods of time. Petitioner argues he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) for the period June 18, 2007 to May 14, 2008, while his habeas petition was pending in State courts. (Opp'n at 13.) Section 2244(d)(2) provides that

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending shall not be counted toward any period of limitation under this subsection.

This provision does not assist Petitioner. Statutory tolling is not available if the first State habeas corpus petition is filed after the limitations period has expired. *Jimenez v. Rice*, 276 F.3d

/ / / / /

---

[2] For a discussion of the reasons why Petitioner may have been mistaken in this belief, see Report and Recommendation at 3-4.

478, 482 (9th Cir. 2001).  The period of limitation for Petitioner's claim expired on April 24, 1997 – more than ten years before he filed his petition in State court.

In addition to statutory tolling, section 2244(d) allows for equitable tolling.  *Harris v. Carter*, 515 F.3d 1051, 1054 n.4 (9th Cir. 2008).  Petitioner asserts two theories of equitable tolling.  First, he claims he is entitled to equitable tolling from May 2004 to December 2005 because the prison staff did not properly post the May 11, 2004 Department of Corrections memorandum.  (Opp'n at 13, 14, 15.)   Second, he claims he is entitled to equitable tolling from early 2006 through the early part of 2007 because the prison law libraries did not provide him access to the language of the repealed section 2817.  (Opp'n at 13.)  Neither theory benefits Petitioner, because in both cases the claimed tolling begins long after the expiration of the limitation period.

In support of his second equitable tolling theory, Petitioner also asserts that "the law libraries at all prisons that petitioner has been housed [*sic*] since 1995 have not had available copies of the California Code of Regulations which included the repealed language of § 2817." (Opp'n at 14.)  The court therefore also considers Petitioner's equitable tolling theory for the time period from 1995 forward.

Once a petitioner is notified that his petition is subject to dismissal based on AEDPA's statute of limitations, as Petitioner was upon Respondent's filing of his motion to dismiss, and the record indicates that the petition falls outside the one-year time period, as was apparent from the motion, Petitioner "had the burden of demonstrating that the limitation period was sufficiently tolled."  *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), *abrogated on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *see also Pace*, 544 U.S. at 418 (the litigant seeking equitable tolling bears the burden).  Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way."  *Harris*, 515 F.3d at 1054-55, quoting *Pace*, 544 U.S. at 418.  The extraordinary circumstance must be the cause of the untimeliness.  *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006).

/ / / / /

> The threshold necessary to trigger equitable tolling under the AEDPA is very high, lest the exceptions swallow the rule. This high bar is necessary to effectuate the AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear state claims.

*Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006) (internal quotation marks, brackets and citations omitted).

Petitioner's assertion that he was not able to obtain a copy of the repealed section 2817 until the early 2007, "when, by happenstance, [he] found another inmate who actually had archived a copy of the provisions" (Decl. at 2; *see also* Opp'n at 14), is negated by the record. The court takes judicial notice of Petitioner's complaint filed on October 12, 2006 in this district. (*See* Allen v. Davis, 06cv2291-L(JMA).) The complaint challenged under the Fourteenth Amendment the constitutionality of section 2817's repeal. That action was dismissed on April 9, 2007 for failure to state a claim. Contrary to Petitioner's statement under oath in this case, he was in possession of a copy of the repealed section 2817 at the latest on October 12, 2006, because it is attached as an exhibit to his complaint. (Compare Allen v. Davis, 06cv2291-L(JMA), Compl. Ex. B with Allen v. Cate, 08cv1123-L(CAB), Pet. Ex. C.)

Aside from Petitioner's apparent lack of candor, his theory is based on the premise that although he "was aware . . . of the fact that he had a right to a commutation review," he needed to "have access to the actual language of the repealed § 2817 in order to prepare his claims for review by any court." (Opp'n at 14.) This is insufficient to constitute an extraordinary circumstance for purposes of equitable tolling.

Inadequacy of a prison law library has been held as potentially constituting an extraordinary circumstance where the law library did not contain any information about the AEDPA and the petitioner did not himself possess the requisite information about the AEDPA statute of limitations. *See Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000); *Roy*, 465 F.3d at 973-74. This is not the case here. Petitioner did not lack access to the AEDPA and does not complain that he had no knowledge of the AEDPA statute of limitations. He claims he did not have access to a repealed state regulation and admits he had knowledge of the facts underlying his claim as early as 1995. In light of the liberal construction of *pro se* habeas petitions, it was

not necessary for Petitioner to quote or attach a copy of the repealed statute to adequately present his claim. *See, e.g., Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005) (liberal construction of *pro se* habeas petitions).

In addition, after obtaining the actual language of the repealed regulation at the latest in the first half of October 2006, Petitioner delayed filing his petition in State court for another eight months, until June 18, 2007. In the circumstances of this case and "[u]nder long-established principles, [P]etitioner's lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419. For the foregoing reasons, Petitioner's equitable tolling argument is rejected.

Last, Petitioner objects to the dismissal of his Petition without an evidentiary hearing on his equitable tolling arguments. "[D]eterminations of . . . whether there are grounds for equitable tolling are highly fact-dependent." *Whalem/Hunt*, 233 F.3d at 1148. Accordingly, a habeas petitioner "should receive an evidentiary hearing when he makes a good faith *allegation that would, if true*, entitle him to equitable tolling." *Roy*, 465 F.3d at 969 (internal quotation marks and citation omitted, emphasis in original). With the exception of the date when Petitioner came into possession of the actual language of the repealed regulation, which was unquestionably contradicted by the record, the court considered as true all Petitioner's allegations regarding his diligence and extraordinary circumstances necessary to establish equitable tolling. However, even if proven, Petitioner's allegations were insufficient to establish equitable tolling for a period of more than ten years, which was necessary to find the Petition timely filed. Petitioner's objection based on the lack of evidentiary hearing is therefore rejected.

For the foregoing reasons, the Report and Recommendation is **ADOPTED AS MODIFIED HEREIN**, Petitioner's objections are **OVERRULED**, Respondent's motion to dismiss is **GRANTED**, and the Petition is **DISMISSED** as untimely.

**IT IS SO ORDERED.**

DATED: February 19, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL